UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE NATIONAL RETIREMENT FUND,

        Plaintiffs,

-against-

UTGR, INC. d/b/a TWIN RIVER CASINO,

        Defendant.

**COMPLAINT**

Plaintiffs, by their attorney David C. Sapp, Esq., for their Complaint complaining of Defendant UTGR, Inc. d/b/a Twin River Casino ("Defendant"), respectfully allege as follows:

## NATURE OF ACTION

1. This is an action by plan fiduciaries to enforce the provisions of a collective bargaining agreement and certain statutory obligations imposed upon Defendant by Section 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1145.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a) and Sections 502(a), (e) and (f) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a), (e) and (f).

## VENUE

3. Venue is proper in this Court pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a), Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e) (2), and 28 U.S.C. § 1391(b), because the plaintiff employee pension benefit fund maintains its principal administrative offices at 333 Westchester Avenue, North Building, White Plains, New York 10604, which is located in the Southern District of New York.

## THE PARTIES

4. Plaintiff National Retirement Fund (the "Retirement Fund") is an "employee pension benefit plan" as defined in Section 3(2) of ERISA, 29 U.S.C. § 1002(2). Plaintiff Trustees of the Retirement Fund are fiduciaries within the meaning of Section 502(a) (3) of ERISA, 29 U.S.C. § 1132(a) (3), as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Retirement Fund maintains its principal administrative offices at 333 Westchester Avenue, North Building, White Plains, New York 10604, which is located within the Southern District of New York.

5. Upon information and belief, Defendant UTGR, Inc. d/b/a Twin River Casino is a Delaware corporation qualified to do business in Rhode Island and having or having had its principal place of business at 100 Twin River Road, Lincoln, Rhode Island 02865.

6. Upon information and belief, at all times material hereto, Defendant was a party to a Collective Bargaining Agreement with UNITE HERE Local 217 (the "CBA"), which obligated Defendant to make contributions to the Retirement Fund. Upon information and belief, employer benefit fund contributions to the Retirement Fund were and are due to be paid by Defendant.

## AS AND FOR A FIRST CLAIM FOR RELIEF BY PLAINTIFF
## TRUSTEES OF THE RETIREMENT FUND AGAINST DEFENDANT

7.     Plaintiff Trustees of the Retirement Fund repeat and reallege each and every allegation contained in paragraphs "1" through "6" of this Complaint with the same force and effect as if set forth at length herein.

8.     During the period of September 1, 2007 through and including December 31, 2016, the Retirement Fund's auditors performed three (3) audits of the books and records of Defendant. Subsequent to those audits, the Retirement Fund received a number of calls from Defendant's employees questioning the number of hours on their respective pension benefit statements.  As a consequence, in or about 2018, as permitted by the Retirement Fund's Agreement and Declaration of Trust, the CBA, and ERISA, the Retirement Fund performed an audit of the books and records of Defendant for the period of September 1, 2007 through and including December 31, 2016 ("the 2018 audit"). The 2018 audit revealed audit deficiencies of contributions to the Retirement Fund arising from the previous three (3) audits being performed using an incorrect trial period thereby resulting in additional pension benefit fund contributions for employees which were not remitted by Defendant.  The 2018 audit revealed audit deficiencies totaling $589,117.09 due to the Retirement Fund, plus interest thereon through October 22, 2018, in the amount of $379,407.05, and liquidated damages in the amount of $379,407.05. By the audit deficiency notice dated October 22, 2018 (Audit Bill No. 18T134), the Retirement Fund demanded payment of the outstanding balance. (A copy of the October 22, 2018 audit deficiency notice is annexed hereto as Exhibit "A").

9.     Under the October 22, 2018 audit deficiency notice, payment was due on or before December 15, 2018, which deadline was extended by the Retirement Fund to and including January 15, 2019.

3

10. By letter from counsel for the Retirement Fund to Defendant, dated January 23, 2019, the Retirement Fund demanded payment of the amounts due under the October 22, 2018 audit deficiency notice. (A copy of the January 23, 2019 demand is annexed hereto as Exhibit "B").

11. Defendant has failed and refused to remit any payments on the October 22, 2018 audit deficiency notice.

12. Audit deficiencies for contributions plus interest thereon and liquidated damages due to the Retirement Fund from Defendant for the period of September 1, 2007 through and including December 31, 2016 have not been made and are now due and owing. By reason thereof, Defendant is liable to Plaintiff Retirement Fund in the sum of $1,347,931.19 for the period stated, plus interest and liquidated damages on the principal amount of audit deficiencies of $589,117.09 from October 22, 2018, the date of the audit deficiency notice, through the date of judgment, and attorneys' fees and costs.

**WHEREFORE**, Plaintiffs respectfully pray for an order and judgment as follows:

a. Directing Defendant to pay to the Retirement Fund the principal sum of audit deficiencies in the amount of $589,117.09 as required by the October 22, 2018 audit deficiency notice; and

b. Directing Defendant to pay to the Retirement Fund interest on the principal amount of $589,117.09 through the date of the October 22, 2018 audit deficiency notice in the amount of $379,407.05, and interest on the principal amount of audit deficiencies from the date of the October 22, 2018 audit deficiency notice to the date of judgment, computed at an interest rate as prescribed by the Retirement Fund, pursuant to Section 502(g)(2)(C)(i) of ERISA, 29 U.S.C. § 1132(g)(2)(C)(i); and

  c. Directing Defendant to pay to the Retirement Fund liquidated damages on the audit deficiencies, to be computed at a rate as prescribed by the Retirement Fund, pursuant to Section 502(g)(2)(C)(ii) of ERISA, 29 U.S.C. § 1132(g)(2)(C)(ii); and

  d. Directing Defendant to pay to the Retirement Fund the reasonable attorneys' fees and costs of the action, pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

  e. Granting such other legal and equitable relief as the Court deems appropriate.

Dated: March 6, 2019
    White Plains, New York

      **TRUSTEES OF THE NATIONAL RETIREMENT FUND, Plaintiffs**

      By: _____
      David C. Sapp, Esq. (DS 5781)

      *Attorney for Plaintiffs*

      Alicare, Inc. – Fund Administrator
      333 Westchester Avenue
      North Building – First Floor
      White Plains, New York 10604
      (914) 367-5576 (Voice)
      (914) 367-2576 (Facsimile)
      dsapp@amalgamatedlife.com